IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAFAEL SANTIAGO : CIVIL ACTION
:
v. : NO. 09-4996
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                    NOVEMBER 18, 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response and plaintiff's reply thereto (Doc. Nos. 14 & 15), the court makes the following findings and conclusions:

1. On August 18, 2005, Rafael Santiago ("Santiago") filed for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of June 1, 2004. (Tr. 116-20). Throughout the administrative process, including an administrative hearing held on October 21, 2008 before an ALJ, Santiago's claims were denied. (Tr. 21-32; 104-08; 425-45). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Santiago filed his complaint in this court on November 9, 2009. (Tr. 8-11; Doc. No. 4).

2. In his December 24, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Santiago had severe depression, NOS possibly secondary to a history of alcohol use with Xanax abuse; borderline personality disorder passive/aggressive; and decreased range of motion of the lumbar spine; (2) his impairments did not meet or equal a listing; (3) he had the RFC to perform simple, routine, repetitive light work with low social contact; (4) Santiago could perform work existing in significant numbers in the national economy; and (5) he was not disabled. (Tr. 22 ¶ 3; 24 Findings 3 & 4; 26 Finding 5; 31 Finding 9; 32 ¶ 3; 32 Finding 10).[1]

3. This Court has plenary review of legal issues, but it reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Santiago alleges that the ALJ erroneously failed to give full credit to the marked mental limitations found in: (1) the medical source statement of ability to do work-related activities (mental) performed by treating psychiatrist, Dr. G. Pirooz Sholelvar on July 8, 2008; and (2) the clinical psychological disability evaluation performed by consultative examiner Dr. Loren Laviolette on February 9, 2006. Dr. Sholelvar found that Santiago had marked limitations in all ten of the listed work-related mental activities. (Tr. 335-36). Dr. Laviolette found marked limitations in four of the listed activities. (Tr. 214). The ALJ detailed both of these documents in his decision and explained why he did not give weight to the marked limitations therein. (Tr. 27 ¶ 4; 29 ¶ 3; 30 ¶¶ 1-2). Specifically, the ALJ concluded that Dr. Sholevar's report was significantly inconsistent with the therapy notes from Nueva Vida Behavioral Health Center ("Nueva Vida"), where Dr. Sholevar saw Santiago. (Tr. 30 ¶ 1). Similarly, the ALJ concluded that Dr. Laviolette's marked findings (as well as those of Dr. Sholevar) were inconsistent with the testimony and opinion of the medical expert at the hearing, Dr. Richard Saul. (Tr. 30 ¶ 2; 438-440).

        Previously in his decision, the ALJ also detailed, *inter alia*, the February 21, 2006 psychiatric review technique form from Dr. Dennis Gold and the therapy notes from Asociacion de Puertorriquenos en Marcha ("APM") and Nueva Vida, none of which appear to support the alleged marked limitations. (Tr. 25 ¶ 1; 28 ¶¶ 1-4; 29 ¶¶ 1-2, 4; 193-209; 220-56; 272-85; 310-33). As indicated by the ALJ, the therapy notes from APM and Nueva Vida, covering approximately three years, show steady improvement and relatively benign findings. (Tr. 28 ¶¶ 2-4; 30 ¶ 1; 220-56; 310-33). Santiago's GAF scores also ranged from 30 to 65, with the most common score being 55 (indicating moderate limitations). DSM-IV, pg. 32; (Tr. 212; 224; 269; 337; 365; 407).

        After carefully reviewing all of the arguments and evidence, I find that there was sufficient evidence in the record to reasonably conclude that the marked limitations assessed by Drs. Sholelvar and Laviolette were not supported. See 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2) (providing that the opinion of a treating physician is not entitled to controlling weight if it is poorly supported and inconsistent with the other substantial evidence). Therefore, the ALJ's conclusion not to use the limitations assessed by these two doctors in his RFC and hypothetical question were supported by substantial evidence. As a result, Santiago's request for relief must be denied and the decision must be affirmed. While it is possible that the evidence could support other conclusions, my duty is only to determine whether the decision by the ALJ is adequately supported and legally sufficient, not to review the case *de novo*. Hartranft, 181 F.3d at 360.

    An appropriate Order follows.